<u>IN THE COURT OF APPEALS
OF MARYLAND</u>

Misc. No. 5

September Term, 2014

_____

ROGER SCHLOSSBERG, CHAPTER 7
TRUSTEE

v.

BELL BUILDERS REMODELING, INC.,
ET AL.

_____

      Barbera, C.J.
      Harrell
      Battaglia
      Greene
      Adkins
      McDonald
      Watts,

          JJ.

_____

Opinion by Greene, J.

_____

Filed: February 20, 2015

The United States Bankruptcy Court for the District of Maryland submitted to this Court a Certified Question, pursuant to the Maryland Uniform Certification of Questions of Law Act, Maryland Code (1973, 2013 Repl. Vol.), §§ 12-601 through 12-613 of the Courts and Judicial Proceedings Article ("CJP") and Maryland Rule 8-305.  The question of law set forth in the Certification Order is:

> Would meeting the factors set forth in *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*, 540 F.2d 681 (4th Cir. 1976), be sufficient to establish a paramount equity, in the absence of common law fraud, to warrant piercing the corporate veil?

In the present case we are not asked to determine the underlying facts.  Nor are we required to assume the truth of the allegations contained in the Adversary Complaint filed in the United States Bankruptcy Court for the District of Maryland or to apply the law of Maryland to those facts.

Accordingly, we rephrase the question in order to provide the Bankruptcy Court and the parties with a more definitive response to what we perceive to be the crux of the fundamental issue provoking certification in this case.  We reformulate the question of law:

> Under Maryland law, where there is no allegation of common law fraud, may a court disregard the corporate entity and establish personal liability to enforce a paramount equity?

Having reformulated the question, we answer it in the affirmative and hold that a corporate entity may be disregarded when necessary to prevent fraud or to enforce a paramount equity.  *See Hildreth v. Tidewater Equip. Co. Inc.*, 378 Md. 724, 838 A.2d 1204 (2003).  For clarity, under Maryland law, where there is no allegation of fraud, evidence or

finding of fraud, the corporate veil may be disregarded nonetheless and personal liability established upon proof of a paramount equity. The analysis of the common factors considered by our courts when addressing whether a complaint or set of facts are sufficient to pierce the veil of a single corporation are delineated in *Hildreth*, 378 Md. at 732-37, 838 A.2d at 1208-1211. As we further pointed out in *Hildreth* with regard to the failure to adhere to corporate formalities, "[t]he 'alter ego' doctrine must . . . take account of close corporation laws, which commonly allow close corporations to elect not to have a board of directors and to have the corporation run directly by the stockholders." 378 Md. at 736 n.2, 838 A.2d at 1211 n.2.

**CERTIFIED QUESTION ANSWERED AS SET FORTH ABOVE. PURSUANT TO § 12-610 OF THE COURTS AND JUDICIAL PROCEEDINGS ARTICLE, THE COSTS SHALL BE EQUALLY DIVIDED BETWEEN THE PARTIES.**